## CURRIE, et al. v. MANN.

1. A purchase, by the plaintiff in execution, of the defendant's land, which had been levied on and sold, is not a satisfaction of the execution, to the amount bid for it, unless he has accepted a deed from the sheriff, or there be a note or memorandum in writing, setting forth the terms of the contract of sale, so as to satisfy the statute of frauds.

2. *Quere*—would not the court grant a perpetual stay of execution in a case where the plaintiff made a valid purchase of the defendant's land at a forced sale, which he refused to comply with.

Error to the Circuit Court of Barbour.

This was a motion to quash an execution issued on a judgment of the defendant in error, against the plaintiff in error and one Pugh, upon the ground that the execution had been fully satisfied. Upon the trial it appeared, that the sheriff had levied the execution on certain lands of Pugh, which were advertised and sold by the sheriff to the plaintiff, for $301, who refused to take a deed for the land, and comply with the terms of the sale, alleging as his reason, that he had discovered that the land was not the property of the said Pugh. The sale to the plaintiff had never been set aside or avoided.

The court refused to quash, and gave judgment on the motion against the defendants. This is now assigned as error.

Wiley, for plaintiff in error, referred to 1 Porter, 392; 7 Cowen, 6; 1 Ohio, 466.

ORMOND, J.—It does not appear very distinctly from the record, what was the precise question intended to be presented, but we understand it to be, whether under a sheriff's sale a purchase by the plaintiff in execution, of the defendant's land, which had been levied on and sold, is not a satisfaction of the execution to the amount bid for it.

Such would doubtless be the law, if the plaintiff had accepted a deed from the the sheriff, but in this case, it does not appear that the purchase of the land at the sheriff's sale gave the plaintiff any right to demand a title to it, as it does not appear that there was any memorandum or note in writing, setting forth the terms of the alleged sale as required by the statute of frauds, which is as indispensable in sheriff's sales as in other sales of lands.   [Garth v. Robinson, *supra.*

As, therefore, it did not appear that the first writ of *fi. fa.* had been satisfied, there was no reason shown for quashing the *alias fi. fa.*

Whether the court would not grant a perpetual stay of execution in a case where the plaintiff in execution had made a valid purchase of land at a sheriff's sale, made under his own execution, which he refused to comply with, is a question we need not now discuss.

Let the judgment be affirmed.